# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 24-1385** **September Term, 2025**

FILED ON: APRIL 3, 2026

JAMES RIFFIN,
PETITIONER

v.

SURFACE TRANSPORTATION BOARD AND UNITED STATES OF AMERICA,
RESPONDENTS

MARYLAND TRANSIT ADMINISTRATION,
INTERVENOR

---

Consolidated with 25-1141

On Petitions for Review of a Decision
of the Surface Transportation Board

Before: MILLETT, PILLARD and KATSAS, *Circuit Judges*

**J U D G M E N T**

This appeal was presented to the court and briefed and argued by the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the petition for review, No. 24-1385, be **DENIED**. It is

**FURTHER ORDERED** that the petition for review, No. 25-1141, be **DISMISSED**.

*Pro se* petitioner James Riffin challenges an order of the Surface Transportation Board (the Board) granting a motion by Norfolk Southern Railway Company (Norfolk Southern) to withdraw

from an abandonment proceeding. Because the Board's order is lawful and provides adequate explanation under the circumstances, we deny Riffin's petition for review, No. 24-1385. We dismiss Riffin's duplicative petition, No. 25-1141.

* * *

Norfolk Southern initiated a proceeding before the Surface Transportation Board to abandon its easement over a one-mile stretch of rail line. The abandonment process allows a rail carrier to remove a stretch of line from the Board's jurisdiction. 49 U.S.C. § 10903. Because Norfolk Southern sought to use an expedited process to gain abandonment authority, *see* 49 C.F.R. § 1152.50(b), it began by filing a Notice of Exemption. Riffin then filed a notice of intent to participate in the proceeding, providing comments contesting several factual assertions in Norfolk Southern's Notice of Exemption, including assertions about ownership of the underlying real estate. Riffin referred to the Board's policy that a notice "contain[ing] false or misleading information" is "void ab initio" and stated that "voiding [Norfolk Southern's] [Notice of Exemption] is an appropriate remedy" for the false statements he identified in the Notice of Exemption. App'x 8, 19; *see* 49 C.F.R. § 1152.50(d)(3). Riffin also expressed an intention to offer to purchase the line—a statutory alternative to abandonment. *See* 49 U.S.C. § 10904; 49 C.F.R. § 1152.27.

After Riffin's filing, Norfolk Southern moved to withdraw its Notice of Exemption due to "real estate and other issues" that had "come to [its] attention." App'x 6. On December 9, 2024, the Board granted the motion via grant stamp—*i.e.*, the Board's Office of Proceedings stamped Norfolk Southern's filing as "granted," provided a decision number, a "decided date," and the Acting Director's approval signature, and docketed it as a "Decision" of the "Director of Proceedings." App'x 6; *see* Policy Statement on Grant Stamp Procedure in Routine Director Orders, 76 Fed. Reg. 70664 (Nov. 15, 2011). Riffin notified the Board of his intent to file a judicial appeal from the withdrawal order and petitioned the Board to stay the effective date of its decision. He then timely petitioned for review in this court. We docketed that petition as No. 24-1385.

On April 14, 2025, the Board denied Riffin's petition to stay the withdrawal order, which the Board construed as a petition to reopen the exemption proceeding. Riffin then filed a second petition for review in this court, docketed as No. 25-1141. But Riffin makes clear that he filed that second petition purely as a jurisdictional backstop. He puts forth no separate challenge to the Board's April 14, 2025, stay denial and indeed urges that the April 14 order is unreviewable. *See I.C.C. v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 280 (1987) (holding that an order refusing reopening "is not itself reviewable").

*

We have jurisdiction to review final orders of the Board. 28 U.S.C. § 2342(5). Riffin's petition No. 24-1385 seeks review of such an order. His petition to the Board to stay that order had no effect on our jurisdiction. Although we lack jurisdiction to hear an appeal filed by a party

who "simultaneously move[s] for reconsideration before the agency," *Snohomish Cnty., Wash. v. Surface Transp. Bd.*, 954 F.3d 290, 298 (D.C. Cir. 2020) (citation omitted), Riffin's stay request did no such thing. The title and content of Riffin's "Petition to Stay," *see* App'x 44, along with his stated intention to seek judicial review of the underlying order, *id.*, make clear that his filing was a request for a stay, notwithstanding the Board's later decision to re-cast it as a petition to reopen the underlying proceeding. We accordingly dismiss Riffin's second petition for review, No. 25-1141, as moot in light of our disposition of No. 24-1385.

Next, we confirm that Riffin has Article III standing. By the time the Board granted Norfolk Southern's motion to withdraw, Riffin had already established himself as presumptively preliminarily qualified to pursue an acquisition of the line through the abandonment proceeding. *See* 49 C.F.R. § 1152.27(c). Riffin argues that because he was presumptively preliminarily qualified, he was entitled to receive information from the railroad and to continue pursuing the acquisition, and that the Board's decision to allow Norfolk Southern to withdraw from the proceeding prevented him from doing so. He thus alleges a concrete economic injury caused by the Board and redressable by a reversal of the Board's decision. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

On the merits, "[w]e review [a] final order of the Board deferentially, asking only whether it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Kessler v. Surface Transp. Bd.*, 635 F.3d 1, 5 (D.C. Cir. 2011) (quoting 5 U.S.C. § 706(2)(A)). Riffin offers four challenges to the Board's decision: (1) the Board lacked authority to allow Norfolk Southern to withdraw because Riffin had a vested right to pursue an acquisition; (2) the Board acted arbitrarily and capriciously by failing to provide reasoning beyond its signed grant stamp; (3) the Board violated its own regulations by issuing the decision before Riffin had the opportunity to file a reply brief; and (4) the Board's decision deprived Riffin of property without constitutional due process. None of those challenges succeeds.

*First*, the Board retained authority to grant Norfolk Southern's motion to withdraw. Riffin argues that because he was presumptively preliminarily qualified to pursue an acquisition, he had a vested right to receive information from Norfolk Southern and to make a purchase offer. But neither the statute nor the regulations require Norfolk Southern to continue pursuing the abandonment process at this early stage. The statute provides that third parties may "offer to subsidize or purchase the railroad line that is the subject of [an abandonment] application" and that a rail carrier "shall provide" certain specified information "promptly to a party considering" a purchase offer. 49 U.S.C. § 10904(b), (c). At that point in the statutory process, nothing requires the rail carrier to continue to press its application and thereby maintain a path forward for the third party would-be purchaser. The regulations that Riffin cites, 49 C.F.R. § 1152.27(a)-(d), set conditions for rail carriers who continue to pursue the abandonment process, but they do not force a rail carrier to do so.

That leeway is confirmed by a provision in the statute that plainly sets a point after which it is too late for the rail carrier to withdraw—a point that Norfolk Southern and Riffin had not

reached. If the Board "finds" that a financially responsible person has made a purchase offer, either that person or the rail carrier "can request that the Board establish" terms for a sale. 49 U.S.C. § 10904(d)-(e). When the Board does so, its decision "shall be binding" on the rail carrier. 49 U.S.C. § 10904(f)(2). Where "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely" in its omissions. *Garvey v. Admin. Rev. Bd., U. S. Dep't of Lab.*, 56 F.4th 110, 124 (D.C. Cir. 2022) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)). What is more, the limited scope of the forced-sale provision makes sense within Congress's scheme to ensure "the continuation of rail service." *Consol. Rail Corp. v. I.C.C.*, 29 F.3d 706, 712 (D.C. Cir. 1994) (emphasis omitted); *see* 49 U.S.C. § 10101(4) ("[I]t is the policy of the United States Government . . . to ensure the development and continuation of a sound rail transportation system . . . to meet the needs of the public[.]"). If the rail carrier withdraws its abandonment application, there is no need to force a sale to ensure continued service because the rail carrier remains obligated to provide it. Accordingly, the Board had authority to grant Norfolk Southern's motion to withdraw.

*Second*, the Board's grant stamp provided adequate reasoning for the Board to grant a motion that it reasonably perceived to be uncontested. We will uphold an agency decision "of less than ideal clarity" so "long as 'the agency's path may reasonably be discerned.'" *Casino Airlines, Inc. v. Nat'l Transp. Safety Bd.*, 439 F.3d 715, 717 (D.C. Cir. 2006) (quoting *Bowman Transp., Inc. v. Ark.-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974)). Riffin argues that because the Board decided the motion using a grant stamp, the Board failed to provide any reasoning to support its order. But Riffin disregards the meaning of the grant stamp itself.

The Board uses a grant stamp in "routine procedural matters" where "all parties to the proceeding concur in the relief sought and very little, if anything, in the way of further discussion is required." *See* Policy Statement on Grant Stamp Procedure in Routine Director Orders, 76 Fed. Reg. 70664 (Nov. 15, 2011). In the proceeding at issue here, the Board reasonably understood all parties to concur in the relief sought. After all, Riffin had posted a comment that opened by reciting the Board's policy that a Notice of Exemption containing "false or misleading information" is "void ab initio." App'x 8; *see* 49 C.F.R. § 1152.50(d)(3). He then explained that he had found several false statements in Norfolk Southern's Notice of Exemption and asserted that "voiding" the notice "is an appropriate remedy." App'x 8-12, 19. When Norfolk Southern requested withdrawal on a similar basis—to address "open questions of fact" relating to its notice, App'x 6 n.1—the Board used the grant stamp to communicate its reasoning: Norfolk Southern's submission identified an adequate basis to support a withdrawal where all parties concurred in the routine relief sought. Indeed, in Riffin's opening brief, Riffin does not contest the adequacy of the reasons reflected in the grant-stamped document. He merely insists, incorrectly, that the Board provided no reasoning at all.

*Third*, the Board's regulations created no obligation that the Board wait twenty days for a reply brief before ruling on a motion that appeared to be uncontested. A Board regulation provides that "[a] party may file a reply or motion addressed to any pleading within 20 days after the

pleading is filed with the Board." 49 C.F.R. § 1104.13(a). According to Riffin, that regulation required the Board to wait for his reply brief (or for twenty days to elapse) before granting Norfolk Southern's motion to withdraw. "[A]n agency generally has flexibility to adjust procedural rules set by regulation," *Snohomish*, 954 F.3d at 299, at least where the regulations are "designed to provide the agency with information it needed to reach an informed decision," *Lopez v. Fed. Aviation Admin.*, 318 F.3d 242, 247 (D.C. Cir. 2003). The agency's regulation may have authorized Riffin to file a reply, but it created no obligation for the Board to wait for it in a case like this. Riffin's own comment that a filing with errors like those in Norfolk Southern's Notice of Exemption should be treated as "void ab initio" gave the Board reason to treat the withdrawal motion as uncontested and the existing filings as sufficient to support the Board's decision allowing withdrawal of the flawed Notice. In any event, even assuming that the Board erred, any "prejudice was cured when the Board considered [what it took to be Riffin's] motion for reconsideration." *Salem Hosp. Corp. v. Nat'l Lab. Rels. Bd.*, 808 F.3d 59, 72 (D.C. Cir. 2015).

*Fourth*, Riffin fails to show that he was deprived of property without constitutional due process. "A procedural due process violation occurs when an official deprives an individual of a liberty or property interest without providing appropriate procedural protections." *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 689 (D.C. Cir. 2009). Riffin had no cognizable property interest at stake in the proceeding because, as explained, the statutory scheme left the Board free in the circumstances before it to grant Norfolk Southern's withdrawal. Consequently, Riffin's due process claim fails at the starting gate.

For the foregoing reasons, we deny Riffin's first petition for review and dismiss his second.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk